UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

DONALD VAUGHN,

Petitioner,

vs.

JOHN FAYRUM, Warden,

Respondent.

No. 13 cv 146 EJM

ORDER

This matter is before the court on defendant's unresisted motion to dismiss filed June 12, 2014. Granted.

This is a prisoner's habeas corpus petition pursuant to 28 U.S.C. § 2254. The court has jurisdiction pursuant to 28 USC §1331.

Petitioner, convicted of first degree murder, Vaughn v. State, 840 N.W.2d 727, 2013 WL 5743668 (Iowa Ct. App. October 23, 2011), is presently confined in the Anamosa State Penitentiary for life. He claims ineffective assistance of counsel at his state trial and on appeals.

F.R.Civ.P. Rule 12(b)(6) provides that a court must dismiss an action if a petitioner has not stated a claim upon which relief may be granted. The rule is "not inconsistent with any statutory provisions or [the habeas] rules, [and] may be applied to a proceeding under these rules." 28 U.S.C. foll. §2254, Rule 12; see Smithrud v. City of St. Paul, 746 F.3d 391, 395 (8th Cir. 2014). A habeas petitioner must "exhaust" his federal claims in the appropriate state forum, giving the state courts an opportunity to decide the merits of any constitutional issues raised,

1

before he may bring those issues up on federal habeas corpus review.  28 U.S.C. §2254(b),(c); Kennedy v. Delo, 959 F.2d 112, 115 (8th Cir. 1992).

Petitioner cites three grounds for relief.  Ground One claims ineffective assistance of counsel at trial.  These claims were not exhausted and are thus procedurally defaulted. Wooten v. Norris, 578 F.3d 767, 777 (8th Cir. 2009).

Ground Two claims ineffective assistance of counsel on direct appeal and of post conviction counsel.  These were never presented in state court and are thus unexhausted and procedurally defaulted as well.  Wooten, supra.

Ground Three is a due process and equal protection violation claim.  The petition does not provide any detail of this claimed violation; it merely asserts it in a conclusory manner.  Thus it fails to state a claim under F.R.Civ.P. 12(b)(6).  It is also unexhausted.  Wooten, supra.

It is therefore

ORDERED

Granted.

July 11, 2014

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT